R. H. HARDY v. STATE.

155 So. 729.

Opinion Filed June 21, 1934.

*Purl G. Adams,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—This case is before us on writ of error to a judgment wherein plaintiff in error was convicted of the crime of larceny of a heifer and sentenced to serve four years in State prison for such offense.

The record discloses that the State totally failed to prove the defendant guilty of the crime of larceny.

Taking the evidence as true, which is most strongly against him, he procured, by promising to pay one Huckaby, the said Huckaby to steal and butcher a heifer belonging to one Ates. He promised to pay Huckaby $30.00 if he would kill one of the cattle belonging to Ates and take a part of it and place it on the property of one Booker, and another part of it and place it on the property of one Herndon.

There was no time fixed when Huckaby should kill the animal and place the parts as suggested, but Huckaby was to get notice to Hardy when the act had been accomplished, apparently for the purpose of letting Hardy discover evidence of the larceny of the animal on Booker's and Herndon's places.

Huckaby carried out his part of the agreement by killing the heifer late one afternoon. With his brother to help him he butchered the animal, buried all parts of it except the head, hide and one quarter that he placed on Booker's premises, and another quarter which he placed on Herndon's premises. After the animal had been killed and converted into beef, and while Huckaby and his brother was carrying the parts to the premises of Booker and Herndon, one or the other of them fired a rifle for the purpose of advising Hardy that the beef had been killed and was about to be placed as directed. Under this state of facts, Hardy was guilty of being an accessory before the fact in the commission of a felony, to-wit, the larceny of the heifer, but he was not guilty of the larceny; he was not present either actually or constructively. In fact, he had no knowledge that the crime was being committed when it was committed, but was advised of this commission immediately after the larceny was complete by being given the signal which was to

indicate to him that the crime which he had plotted had been committed. He should have been indicted under Section 5008 R. G. S., 7110 C. G. L.

For the reasons stated the judgment should be reversed, and it is so ordered.

Reversed.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.